UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RAMAR DANIELS, )
)
        Petitioner, )
)
    v. ) No. 1:17-cv-02336-WTL-TAB
)
KEITH BUTTS, )
)
        Respondent. )

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Ramar Daniels for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 16-09-0009. For the reasons explained in this Entry, Mr. Daniels's habeas petition must be **denied**.

    **A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On August 31, 2016, Investigator Poer issued a conduct report to Mr. Daniels for a violation of Code B-240/215, conspiracy to commit theft. Dkt. No. 13-1. The conduct report stated:

> On July 26, 2016, offender Daniels, Ramar 104542 33L-3ARH was involved in an assault involving multiple offenders on the E 1/3 side. An investigation was conducted to determine the cause of the assault and identify who participated in the assault. At 8:42 PM offender Daniels exited cell 5-1E with two other offenders, one of which was in possession of offender Mangold's flat screen TV. Refer to Confidential Case File 16-CIC-0033 for additional details.

Mr. Daniels was notified that the offense would be reheard on April 26, 2017. Dkt. No. 13-2. Mr. Daniels sought assistance of a lay advocate, requested witness statements from Jamar Mason and Joseph Mangold, and requested physical evidence including the confidential case file and video evidence. *Id.*

Inmate Jamar Mason provided a witness statement in response to the question, "Was [Mr. Daniels] part of any conspiracy to steal the T.V.?" Mr. Mason stated, "NO He was not in the room. He didn't steal a TV." Inmate Joseph Mangold provided a witness statement in response to the question, "Did [Mr. Daniels] help anyone take a TV?" Mr. Mangold stated, "No." Dkt. No. 13-3, 13-4.

Relevant camera footage was reviewed and summarized:

> I, UTM J. Hunt, reviewed the video footage for case number: CIC 16-09-0009. The video showed Offender Daniels, Ramar #104542 standing outside of cell 5-1E with 2 other offenders. Offender Daniels along with the other 2 offenders entered cell 5-1E. All three offenders eventually emerged from room 5-1E after what appeared to be an altercation with an additional offender. Offender Daniels does not appear to be carrying anything out of the cell with him at the time.

The disciplinary rehearing was held on May 8, 2017. Dkt. No. 13-5. At the hearing, Mr. Daniels stated that:

> Mason came out of cell 4 w/ the TV. Came out of Room 5 and the was [sic] at room 28 when Mason came out of cell 4 w/ the TV. Mason was guilty of having the TV in his possession.

The hearing officer found Mr. Daniels guilty of conspiracy to commit theft in violation of Code B-240/215 after considering the staff reports, Mr. Daniels' statement, the confidential case file (or "I & I Report"), and video evidence. Specifically, the hearing officer noted that the confidential case file stated that "offenders Mason, Young, and Daniels were seen outside of room 5. Video evidence review shows all three offenders removing items to place in cell 4, then Mason carries the TV. Offender Daniels is guilty of Conspiracy to Commit Theft." *Id.* The recommended and approved sanctions imposed included the imposition of a suspended sanction and 30 days of lost credit time.

Mr. Daniels appealed to the Facility Head and the Indiana Department of Correction ("IDOC") Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Daniels alleges that he was denied evidence, that there was insufficient evidence to find him guilty of the charge, and that the hearing officer falsified the hearing report.

#### 1. Denial of Evidence Claim

Mr. Daniels claims that he was denied the confidential case file and testimony from inmates Young and Anderson. Dkt. No. 1. Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted).

The "first question" when evaluating a petitioner's claim that he was denied requested evidence is whether a "timely request" was made for that evidence. *Ashby v. Davis*, 82 Fed. Appx. 467, 470 (7th Cir. 2003). A request is timely if it is made "either before or at the hearing." *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002). The respondent asserts, and the screening report reflects, that Mr. Daniels did not request testimony from inmates Young and Anderson. Dkt. No. 13-2. There is no evidence that he requested their testimony at the hearing. Therefore, Mr. Daniels is not entitled to relief on his alleged denial of testimony from these inmates.

The screening report reflects that Mr. Daniels requested the confidential case file and video evidence. *Id.* The investigation file, or confidential case file, which included the video evidence, was provided confidentially to the hearing officer. Dkts. No. 13-5, 18. The respondent asserts that this process was proper because Mr. Daniels was not entitled to evidence collected during the confidential investigation. "[P]rison authorities who assert a security justification for nondisclosure [of video evidence] still have the burden of proving that their denial of requested evidence was not 'arbitrary or capricious.'" *Johnson v. Brown*, 681 Fed. Appx. 494, 496 (7th Cir. 2017) (quoting *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002) ("*Piggie I*")). This burden was not met here. There is no evidence that Mr. Daniels was provided any explanation for the respondent's refusal to provide him with the evidence he requested.

In this case, although no justification for withholding the confidential case file and video evidence was provided to Mr. Daniels, his due process rights were not violated. The hearing officer reviewed the case file and video evidence. The Court has also reviewed the case file and video evidence and finds that they are not exculpatory. Therefore, Mr. Daniels was not entitled to the requested evidence regardless of the security justification for nondisclosure.

### 2. Falsification of Hearing Report

Mr. Daniels next claims that the hearing officer falsified the hearing report by including incorrect factual statements that were not alleged in the conduct report or video review. Although it is unclear what due process right is implicated by Mr. Daniels' allegations, a prisoner in a disciplinary action has the right to be heard before an impartial decision maker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decision maker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie*, 342 F.3d at 666; *see Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

The hearing officer was not involved in any aspect of the factual events underlying the disciplinary charges or the investigation leading to the charges. Furthermore, Mr. Daniels states in his petition that he told the hearing officer that inmate Mason removed a television from a cell by himself. But even if the video evidence confirms Mr. Daniels' assertion, it does not negate other evidence in the confidential case file, including other parts of the video evidence, that Mr. Daniels conspired with the other inmate to commit theft. Mr. Daniels has failed to rebut the presumption that the hearing officer acted appropriately. Any potential inaccuracies in the hearing report are immaterial to the conspiracy charge and no relief is warranted on this basis.

### 3. Sufficiency of the Evidence Claim

Finally, Mr. Daniels argues that the evidence was insufficient to find him guilty of the offense. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

In addition to reviewing the video, investigators interviewed several offenders. Dkt. No. 15. The video evidence and witness statements contained in the confidential case file constitute "some evidence" that Mr. Daniels conspired to commit theft in violation of Code B-215/240. No relief is warranted on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Daniels to the relief he seeks. Accordingly, Mr. Daniels's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/4/18

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

RAMAR DANIELS
104542
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Abigail T. Rom
OFFICE OF THE ATTORNEY GENERAL
abby.rom@atg.in.gov